# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| CYDMARIE TORRES | : | CASE NO: 15-10036JKF |
| Debtor | : | SECOND AMENDED CHAPTER 13 PLAN (PRE-CONFIRMATION) |

## YOUR RIGHTS WILL BE AFFECTED

If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

## PLAN PROVISIONS

**DISCHARGE:**

__X__   The debtor will seek a discharge of debts pursuant to Section 1328(a).

____   The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in 1328(f).

**I.   BEST INTERESTS OF THE CREDITORS** - If the instant estate were liquidated under Chapter 7 of the Bankruptcy Code, the allowed unsecured claimants would be paid $0.00. Under this plan, the allowed unsecured claimants will receive not less than that amount.

**II.   PLAN FUNDING AND LENGTH OF PLAN**

   A.   The plan payments by Debtor shall consist of the total amount previously paid ($2,250) added to the continuing monthly payment in the amount of $375 per month for 46 months, starting September 2015 (total plan length 53 months).

   B.   In addition, Debtor shall remit to the Chapter 13 Trustee any tax refunds in excess of $1,200 received during the plan term, commencing with tax year 2015. These special tax refund payments shall total no less than $14,000.00. Debtor shall provide the Trustee a copy of future tax returns no later than 90 days following the filing of the return.

   **Total of estimated Plan Payments: $33,500.00**.

### III. PAYMENT OF CLAIMS.

#### A. SECURED CLAIMS

1. <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made directly by the Debtor to the following creditors (i.e. paid outside the plan), beginning with the first payment(s) due following the filing date of the Petition:

| Name of Creditor | Description of Collateral | Monthly Payment | Principal Balance |
|---|---|---|---|
| PA Home Fin. Agency | 2324 N. Howard St. Phila. PA 19133 | $518 (includes escrow) | $83,588.00 |

2. <u>Arrears</u> - The Debtor proposes to cure defaults by means of monthly payments to the trustee. Debtor shall pay the <u>lesser</u> of the amount below or the allowed secured claim. Debtor reserves the right to object to any and all of these claims and amend the plan if necessary: Upon payment in full of the below amounts, any prepetition judgment based on this debt shall be vacated and/or any pending lawsuit discontinued.

| Name of Creditor | Description of Collateral | Arrears to be Cured |
|---|---|---|
| PA Home Fin. Agency Pre-petition arrears (Claim No. 4) | 2324 N. Howard St. Phila. PA 19133 | $21,778.28 |
| PA Home Fin. Agency Post-petition arrears (Claim No. 4) | 2324 N. Howard St. Phila. PA 19133 | $4,794.10 |
| Total Maximum Payment to Claim No. 4 | | $26,572.38 |

3. <u>Secured claims not being paid.</u> The following secured claims, *or any secured claims failed after this plan*, are either disputed by the Debtor or otherwise not being paid though the plan as secured claims. These creditors will retain liens, if any, allowed under nonbankruptcy law unless Debtor brings a motion under bankruptcy rule 3012 and/or an adversary action, as appropriate under section 506(a) to determine the extent, validity, and priority of any lien. If Debtor is successful in determining the claim(s) is/are unsecured, the claimants shall release their liens.

| Name of Creditor | Description of Collateral | Claim Asserted |
|---|---|---|
| Portfolio Recovery Assoc. (Claim No. 10) | 2324 N. Howard St. Phila. PA 19133 | Judgment lien $2,536.55 |
| Discover Bank, N.A. (Claim No. 1) | 2324 N. Howard St. Phila. PA 19133 | Judgment lien $601.28 |
| City of Philadelphia (Claim No. 9) | 2324 N. Howard St. Phila. PA 19133 | $2,852.53 |
| Philadelphia Housing Development Corp. (Claim No. 3) | 2324 N. Howard St. Phila. PA 19133 | $6,800.54 |

B.   **PRIORITY CLAIMS**.

1. Allowed unsecured claims entitled to priority under section 507 will be paid in full: None

2. Administrative Claims

    a. *Trustee fees*. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

    b. *Attorney's Fees*. In addition to the retainer of $600.00 already paid by the Debtor, the amount of $2,400.00 will be paid by the Trustee from available funds in the Debtor's estate. Supplemental fee applications may be submitted, subject to court approval and availability of funds in the Debtor's estate.

C.   **UNSECURED CLAIMS**

1. Claims of General Unsecured Creditors. Allowed unsecured claims shall be paid on a **pro rata** basis after all administrative, priority and/or secured claims are paid in full.

IV.     **OTHER PLAN PROVISIONS**

    A.    <u>Provision regarding duties and rights of certain mortgage holders and servicers</u>. Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and or/deeds of trust on the principal residence of the Debtor to do the following:

        1.    Apply the payments received Debtor for ongoing postpetition payments to the Debtor's mortgage account as if the account were current and no prepetition default existed on the petition date and apply payments in the order of priority specified in the note and security agreement and applicable nonbankruptcy law. Postpetition installment payments made in a timely manner under the terms of the note shall be applied and credited without penalty.

        2.    Apply and credit payments disbursed by the trustee only to the pre-petition arrearage. For purposes of this plan, the "pre-petition arrearage" shall include all sums included in the "allowed" proof of claim and authorized by the note and security agreement and applicable nonbankruptcy law. The pre-petition arrearage shall have a "0" balance after both: (1) the Discharge Order in this case has been entered; and (2) payment in full of the stated arrears in the allowed proof of claim has been made.

        3.    Deem the pre-petition arrearage as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

        4.    Notify the debtor and the attorney for the debtor, in writing, of any changes in the interest rate for any non-fixed rate or adjustable rate mortgages and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes known to the holder if the change is to be implemented in less than 60 days.

        5.    Notify the debtor, and the attorney for the debtor, in writing, of any change in the property taxes and/or the property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes know to the holder if the change is to be implemented in less than 60 days.

6. Within 60 days after receipt of a written request made by the Debtor to the servicer or mortgage lender, with a copy served upon its counsel, the servicer or mortgage lender shall provide Debtor and his counsel a statement detailing the following amounts paid by the Debtor post-petition: (1) all payments applied to the principal balance; (2) all payments applied to interest; (3) all payments applied to any escrow account; (4) all payments applied to any pre-petition arrearage claim and the remaining balance; and (5) all fees and charges alleged to have accrued post-petition, along with an explanation thereof. The statement may be in the form of a post-petition ledger prepared by the servicer or lender provided the documents used to prepare same are also provided. The Debtor may (i) challenge this information by filing a motion with the Court, to be served upon the holder and the Trustee, (ii) propose a modified plan to provide for payment of additional amounts that the Debtor acknowledges or the Court determines are due, or (iii) take no action at all. To the extent that amounts set forth are not determined by the Court to be invalid or are not paid by the Debtor through a modified plan, the rights of the holder to collect these amounts will be unaffected. The failure of mortgage holder or servicer to timely respond to Debtor's request under this paragraph shall be deemed a waiver for all purposes of any claim for fees, expenses or charges accrued as of the date of Debtor's written request, and mortgage holder or servicer shall be prohibited from collecting or assessing such fees, expenses or charges against the Debtor or the Debtor's account during the case or after entry of the order granting a discharge.

7. Any failure of holders and/or servicers of any claims secured by liens, mortgages and or/deeds of trust on the principal residence of the Debtor to credit payments in the manner required by this plan shall be a violation of 11 U.S.C. § 524(I).

B. To the extent that any claim is fully or partially unsecured pursuant to 11 U.S.C. § 506(a), and is not a claim involving a purchase money security interest subject to the application of the provision following 11 U.S.C. § 1325(a)(9), that portion of the claim which is unsecured shall be provided for as a general unsecured claim under this plan. Creditors holding such claims shall retain their liens only to the extent of their allowed secured claims. To the extent that the allowed secured claim is paid during this case or thereafter, such creditors' liens shall be reduced. Once the allowed secured claim has been paid in full, the creditor holding such claim shall promptly release any lien or mark any lien securing such claim as satisfied in the appropriate public records. This provision shall not apply to any claim that is secured only by a security interest in the Debtor's principal residence.

C. Confirmation of this plan shall constitute a finding in accordance with 11 U.S.C. § 1322 that there is cause for extending the plan beyond three years. Confirmation

        shall also constitute approval of such extension. Such extension is essential to the success of the plan. Without it the plan would fail and no claims would be paid in full.

D.     Confirmation of this plan shall constitute a finding that all documents and information required by section 521(a)(1) have been filed with the court or provided by the Debtor.

E.     Any money or property acquired by either the trustee or the Debtor while this case is pending shall be deemed exempt property of the Debtors if exemptible, and shall be forthwith delivered to the Debtor. If Debtor is successful in obtaining a recovery in any personal injury or other litigation in which Debtor is the plaintiff during the term of this plan, any recovery in excess of any applicable exemption will be paid to the trustee as a special plan payment, in addition to debtor's regular plan payments.

F.     Upon completion of this plan, all debts listed in the Debtors' schedules or provided for by this plan, except those excepted by 11 U.S.C. § 1328(a) shall be discharged.

G.     If prior to the expiration of the period set forth in Paragraph II of this plan, the "Total of Plan Payments" identified in Paragraph II is paid in full, this plan shall terminate on that date.

H.     If Debtor is required to file a motion or adversary to enforce the terms of this plan against a party bound by the plan, Debtor shall be entitled to reasonable fees and costs from that party.

V.     **ORDER OF DISTRIBUTION**. Payments from the plan will be made by the trustee in the following order:

A.     Administrative claims pro rata until attorney's fee is paid in full.

B.     After the application of the appropriate amount each month to the administrative claims, the entire amount of the monthly payment remaining in the hands of the trustee shall be distributed in equal monthly payments, pro rata, to the holders of the allowed secured claims under Paragraph III.A.2 until each such claimant shall have received 100% of the amount allowed on each claim.

C.     After the administrative, priority, and secured claims are paid in full, the entire amount of the monthly payment remaining in the hands of the trustee shall be distributed, pro rata, to the holders of allowed general unsecured claims pro rata.

**VI.    REVESTING OF PROPERTY**:

      Property of the estate will vest in the debtor upon closing of the case. Nevertheless, Debtor shall have sole right to use and possession thereof during the pendency of this case, including the right to use, sell or lease such property in the ordinary course of the Debtors' affairs. This expressly includes the right to prosecute any causes of action belonging to the estate.

      /s/ Cydmarie Torres
      Cydmarie Torres